```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
WAYNE A. WILLIAMS,              :   Civil Action No. 05-3609(NLH)
         Plaintiff,             :
                                :
     v.                         :   OPINION
                                :
KATHY MACFARLAND,               :
DR. L. KUNTZ and CMS,           :
         Defendants.            :
                                :
                                :
DR. L. KUNTZ and CMS,           :
         Cross-Claimants,       :
                                :
     v.                         :
                                :
KATHY MACFARLAND,               :
         Cross-Defendant.       :
```

**APPEARANCES:**

Wayne A. Williams
#481888/141692B
Toler Hall
20 Toler Place
Newark, NJ 07114

    *Pro se*

Sarah Brie Campbell, Esquire
Office of the NJ Attorney General
Department of Law & Public Safety
RJ Hughes Justice Complex
Po Box 112
Trenton, NJ 08625

    *Attorney for Kathy MacFarland*

Stephen E. Siegrist, Esquire
Murphy & O'Connor, LLP
Commerce Center
1810 Chapel Avenue West, Suite 130
Cherry Hill, NJ 08002-4607

    *Attorney for Dr. L. Kuntz and CMS*

**HILLMAN,** District Judge

    This matter has come before the Court on Defendant Kathy

MacFarland's motion to dismiss Plaintiff Wayne William's Complaint pursuant to Federal Civil Procedure Rule 41(b) for William's lack of prosecution of his case. For the reasons expressed below, MacFarland's motion will be granted.

## BACKGROUND

Williams, who is proceeding *pro se*, filed his Complaint on August 30, 2005[1] alleging that he received inadequate dental care while he was incarcerated at South Woods State Prison ("SWSP"). Williams claims that on December 22, 2003, his jaw was fractured when he fell off a top bunk bed. The next day, oral surgeon "Dr. Marten Laden," who is not named as a defendant, applied "fracture bars" to treat his jaw injury. Williams claims that Dr. Laden, with malicious intent and deliberate indifference to his dental and medical needs, refused to remove the "fracture bars" in March, 2004, which Williams contends was the "required time." The bars were removed in November, 2004.

Williams claims that he sent written grievances to MacFarland, Administrator of South Woods State Prison, and voiced his concerns to the ombudsman for Defendant Community Medical Services and Defendant "Dr. L. Kuntz,"[2] but they did not respond. As a result, Williams contends that Defendants violated the

---

[1] The Complaint was received by the Clerk's office on July 18, 2005, but it was not filed until August 30, 2005 due to the process of screening *pro se* prisoner complaints.

[2] Plaintiff incorrectly named nurse practitioner Lisa Kuntz, N.P. as "Dr. L. Kuntz," and Community Medical Services as "CMS."

Eighth Amendment prohibition against cruel and unusual punishment.

The Court granted William's application to proceed *in forma pauperis* and ordered the U.S. Marshall to serve summons and copies of the Complaint upon Defendants.  CMS was served on September 16, 2005 and MacFarland and Kuntz were served on October 26, 2005.

On November 7, 2005, Magistrate Judge Joel B. Rosen issued an Order compelling Williams to appear for a deposition on December 5, 2005.  In a letter to the Court dated November 28, 2005, Williams explained that he was being paroled on December 8, 2005 and that he would be going to a halfway house until January 2006, after which time he would be homeless.  Williams emphasized, however, that he would still like to pursue his case.

On November 30, 2005, MacFarland filed a motion to take the deposition of Williams.  Two weeks later, on December 16, 2005, Williams filed another letter informing the Court of his change of address, and reminding the court that as of January 4, 2006 he would be homeless.  Despite being homeless, however, Williams stated that "I will do everything in my powers to obtain counsel at that time."

On February 3, 2006, Judge Rosen denied Williams' motion to appoint pro bono counsel.  Judge Rosen's Order also dismissed as moot MacFarland's motion to take the deposition of Williams because her request was pursuant to Fed. R. Civ. P. 30(a)(2),

3

which requires leave of court to depose a prisoner, and Williams was no longer incarcerated.[3]

In early March, 2006, Kuntz and CMS filed a motion for summary judgment, and MacFarland filed a motion to dismiss, or in the alternative, a motion for summary judgment. Notices of the filing of these motions, as well as three Orders from the Court, were mailed to Williams, but they were all returned as undeliverable and unable to be forwarded. In total, six notices were returned as undeliverable between March 9, 2006 and July 5, 2006.

On September 14, 2006, MacFarland filed the instant motion to dismiss for lack of prosecution. Williams has not contacted the Court since December 16, 2005.

## DISCUSSION

Federal Civil Procedure Rule 41(b) provides,

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The Third Circuit has listed several factors that a district court must consider and balance before dismissing a complaint:

(1) the extent of the party's personal responsibility;
(2) the prejudice to the adversary caused by failure to

---

[3]Williams has never been deposed by either Defendant.

4

> meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). Although all of these factors must be considered, they do not all need to be met for a district court to find dismissal is warranted. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

A consideration of the Poulis factors weigh in favor of dismissing Williams' Complaint. Despite his desire to pursue his case, it appears that Williams is unable to prosecute his case due to his professed homelessness following his release from the halfway house. This cannot necessarily be considered Williams' "personal responsibility" with regard to the first factor, and it is certainly not willful or bad faith conduct with regard to the fourth factor, but the Defendants' and the Court's inability to contact Williams severely prejudices his adversaries as well as the entire the judicial process. Further, even if Williams' inability to prosecute his case is not because of homelessness, dismissal of his case is the only available sanction due to the parties' inability to contact him.

Finally, in consideration of the sixth Poulis factor, a brief review of Williams' claims and Defendants' arguments for judgment in their favor reveals that Williams would have a

5

difficult task in defending the viability of his claims if the case were to proceed.  However, even though substantive motions are pending, because there has been no discovery, and Williams has not been able to respond to those motions, dismissal of his case without ruling on Defendants' motions is warranted because it would be inequitable to adjudicate the merits of his case without his participation.

Consequently, because of Williams' lack of prosecution of his case, and his failure to contact the Court or his adversaries for almost a year, Williams' action must be dismissed pursuant to Fed. R. Civ. P. 41(b).[4]  The dismissal will be without prejudice due to the apparent cause of Williams' inability to prosecute his case.  An appropriate Order will issue.

Dated: November 13, 2006               s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

---

[4] Although prior to dismissing a non-responsive plaintiff's case a court may ordinarily enter an Order to Show Cause why the case should not be dismissed for failure to prosecute, it would be fruitless in this case.  Williams' correspondence with the Court acknowledged that he would not reside at his last reported address after January 4, 2006, and six undeliverable notices mailed to that address easily convinces the Court that he no longer resides there.

6